UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARION GERLACH,

       Plaintiff,

  -against-

THE GERMAN STATE, and UNITED NATIONS,
HIGH COMMISSIONERS IN GENEVA,

       Defendants.

**ORDER**

**14-CV-4684 (NGG) (LB)**

-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

  Plaintiff Marion Gerlach, who resides in Paraguay, commenced this pro se action on August 4, 2014, and asserts jurisdiction pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350 (the "ATCA"). The Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 for purposes of this Order. For the reasons discussed below, the Complaint is DISMISSED for lack of subject matter jurisdiction.

**I. FACTS**

  Plaintiff states that she was born in Germany in 1963 and lived there until she was an adult. (Compl. at 17.) Plaintiff alleges that her father physically abused Plaintiff, her mother, and her siblings. (Id. at 16) In 2004, Plaintiff's younger sister ("Liane"), asked Plaintiff to participate in a hypnosis session. (Id.) At the session, Liane stated that she thought that she had been sexually abused by their father. (Id. at 17-18.)

  Plaintiff sought, to no avail, to have her father prosecuted for his alleged actions. (Id. at 18.) Plaintiff's father pursued legal action to stop Plaintiff from making statements against him. (Id.) The Complaint is somewhat unclear on the events that then transpired. However, it

1

appears that Plaintiff's voluminous and occasionally alarming submissions to a German court eventually led it to order her to undergo a psychiatric examination to determine her competency to proceed with a case. (See Compl. at 18-26.) Some time later Plaintiff filed a charge with the Human Rights Committee, established under the International Covenant on Civil and Political Rights. (See M.G. (Gerlach) v. Germany, Communication No. 1482/2006, CCPR/C/93/D/1482/2006 (Sept. 2, 2008), Ex. (unnumbered) to Compl.) The Committee ruled for Plaintiff's on the narrow question of whether the German court had violated the ICCPR because the psychological examination order was a disproportionate response to Plaintiff's rambling pleadings and because the court had not seen her in person. (Id.)

Plaintiff alleges that she cannot return to Germany, and that the United Nations is unwilling to assist her. (Compl. at 28.) Therefore, she now turns to the Eastern District of New York for help as "the UNITED NATIONS of AMERICA is my last trial, my last cry for help, and my last possibility." Id. at 29 (emphasis removed).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action if it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys. The court is required to read a plaintiff's pro se complaint liberally and interpret it to raise the

2

strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

Plaintiff's Complaint suggests that this court lacks subject matter jurisdiction. Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or sua sponte by the court. See Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont, 565 F.3d 56, 62-63 (2d Cir. 2009).

Plaintiff asserts jurisdiction under the Alien Tort Claims Act ("ATCA"), which provides that the "the district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. However, the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(2) ("FSIA"), is the "sole basis of jurisdiction over a foreign state," and the ATCA provides no exception. Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434-35 (1989); see also Hammerstein v. Federal Republic of Germany, 488 F. App'x 506, 508 (2d Cir. 2012) (noting that the FSIA bars

3

most suits against foreign sovereigns, including those brought under the ATCA).

Section 1605(a)(2) of the FSIA provides for jurisdiction over a foreign state in three instances: (1) if a plaintiff's claim is "based upon" "a commercial activity carried on in the United States by the foreign state"; (2) if a plaintiff's claim is "based upon" "an act performed in the United States in connection with a commercial activity of the foreign state elsewhere"; or (3) if "an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2); see also Guirlando v. T.C. Ziraat Bankasi A.S., 602 F.3d 69, 74 (2d Cir. 2010). The FSIA plainly bars this action, which has no connection with the United States and involves judicial activity not within the scope of the Act's commercial activity exception to sovereign immunity. Further, Plaintiff's claim against the United Nations is barred because it enjoys absolute immunity from suit under the Convention on the Privileges and Immunities of the United Nations. See Brzak v. United Nations, 597 F.3d 107, 112 (2d Cir. 2010).

## IV. CONCLUSION

Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
   August 1⸺, 2014

NICHOLAS G. GARAUFIS
United States District Judge